

*NOTE CHANGES MADE BY THE COURT*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GEORGE BURKARD., an individual, | CASE NO. CV10-08360 GW (AGRx) |
| Plaintiff, | Assigned to Hon. George H. Wu |
| vs. | ~~[PROPOSED]~~ ORDER CONCERNING CONFIDENTIAL INFORMATION |
| CALIFORNIA INSTITUTE OF TECHNOLOGY, a California Corporation, | |
| Defendant. | |

*NOTE CHANGES MADE BY THE COURT*

The parties to this action, plaintiff George Burkard ("Burkard") and defendant California Institute of Technology ("Caltech") having stipulated and agreed, **IT IS ORDERED** as set out below:

This Order shall govern the use and disclosure of all Confidential Information produced by or on behalf of any party or furnished by any person

associated with any party in any deposition, interrogatory, request for admission, document production, Fed. R. Civ. P. Rule 26 compliance, or any other discovery proceeding or pleading in this action.

1. <u>Confidential Information</u>. "Confidential Information" includes, but is not limited to, documents and any other materials containing or reflecting trade secrets, medical information, state and federal tax-related materials and filings, proprietary or confidential business information, non-public financial information, and private personal information from third parties. "Confidential Information" also includes information relating to personnel records of present and former Caltech employees other than Burkard. "Confidential Information" includes information obtained from third parties subject to this Order, a non-disclosure agreement, or other confidentiality obligations. The entry of this Order shall not obligate a party to produce Confidential Information or other materials. The parties retain all rights to object to discovery, take discovery and move the Court for protective or other discovery orders, but shall make a good faith attempt to resolve informally all discovery disputes before resorting to motion practice.

2. <u>Designation of Confidential Information</u>. This Order applies only to Confidential Information that is designated "Confidential". Any party may designate as "Confidential" any documents or other materials the designating party and its counsel reasonably believe contain or reflect Confidential Information. The

designation of documents or other materials shall be made by marking them Confidential, by providing a separate written notice to counsel for the other party(ies), or by agreement of counsel at depositions. The designation of portions of testimony and documents as "Confidential" can be made on the record and/or promptly after receipt of a transcript thereof by the designating party.

Within ten days after entry of this Order, any party may, but is not required to, serve a notice of designation of "Confidential" material with respect to any materials produced or filed before entry of this Order.

3. <u>Use and Access of Confidential Information</u>. Except upon further order of the Court or by express written consent of counsel of record, any Confidential Information furnished in this action by any of the parties or individuals referred to in Paragraph 1 herein shall be used by the receiving party solely for purposes of prosecuting or defending this action. Apart from the Court, ~~and trier of fact in accordance with the rules of evidence,~~ Confidential Information shall not be disclosed to any persons other than:

(a) the attorneys for the parties who have entered an appearance in this proceeding and to other attorneys, paralegals, law clerks, and clerical staff working with those attorneys;

(b) the parties and their officers, employees, agents, or representatives, to the extent necessary to defend or prosecute this action;

(c) designated expert witnesses or consultants retained or employed by any party for the purposes of this action provided that said expert witnesses or consultants have executed a certificate of confidentiality which reads as follows: "I certify my understanding that materials containing Confidential Information are provided to me pursuant to the terms and restrictions of the Court's Order of  [Insert Date]  , 2011, in this action. I have been given a copy and have read that Order. I have had its meaning and effect explained to me by counsel for at least one of the parties. I understand that these materials, and any copies, notes or other memoranda regarding information in such materials shall not be disclosed to others, except in accordance with the Order, and shall be used only for purposes of this proceeding";

(d) any court reporter or typist recording or transcribing testimony in this action; and

(e) other persons who may be specifically designated by consent of all attorneys of record or by Court order.

4. <u>Record of Disclosure</u>. Where information is provided to an expert, counsel for the parties shall maintain a record showing the name of the expert, the date the information was provided, a detailed description of the information provided, and a statement of the purpose for which the information is provided.

5. <u>Safeguarding Confidential Information</u>. The recipient of Confidential Information governed by this Order shall maintain all such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use.

6. <u>Sealed Records</u>. This Order does not provide for the sealing of records containing Confidential Information. Sealing of records and proposed sealing of records shall be governed by FRCP Rule 5.2, Central District Local Rule 79-5.1, and Central District General Order No. 10-07.

7. ~~<u>No Publicity as to Confidential Information Presented to the Court or at Trial</u>. Presenting Confidential Information to the Court or trier of fact – whether by filing or lodging records, marking or moving for the admission of exhibits, questioning witnesses or any other means – shall not relieve the parties or others bound by this Order from the obligation to keep disclosure to a minimum. This obligation includes, but is not limited to, the obligation to refrain from further making public in any way Confidential Information that has been presented to the Court or introduced for admission or admitted into evidence as well as to refrain from further making public in any way the fact of such filing, introduction or admission.~~ [AGR]

8. <u>Final Disposition</u>. At the conclusion of this action, including any appeals, all Confidential Information furnished under the terms of this Order, all

materials reflecting Confidential Information, and all copies thereof, which are not in the custody of the Court, shall be returned to the party who furnished it or destroyed by the party who received it (who shall certify by affidavit that all Confidential Information received by it, as well as all materials reflecting and all copies of such information, have been gathered and destroyed). Notwithstanding the foregoing, counsel for the parties may retain attorney work product materials.

9. <u>Challenging Confidential Designation</u>. If a party disagrees with the designation of any particular document designated as "Confidential", the parties shall meet and confer and attempt to resolve the dispute by agreement. To that end, the parties may agree in writing that certain materials or portions of materials designated "Confidential" under this Order are no longer designated as such. If the parties cannot resolve the dispute between themselves, then the party supporting the "Confidential" designation may file a motion to have the court confirm that such designation is proper under this Order. Any such motion shall be made pursuant to Local Rule 37 ~~within 14 days~~ after the party disagreeing with the designation gives notice that meet and confer efforts are at an impasse. Throughout the meet and confer process, the 14-day period during which the designating party may file a motion for a court order, and, if applicable, until the issuance of the Court's Order on the motion, all materials designated "Confidential" shall be treated as prescribed in this Order.

[handwritten margin: AGR]

10. <u>Modification of Order</u>. Nothing in this Order shall preclude any party from applying to the Court for an appropriate modification of this Order, provided that before such application, the parties shall make a good faith effort to resolve the matter by agreement. The parties reserve all rights to apply to the Court for an order (i) modifying this Order; (ii) seeking further protection against discovery or other use of Confidential Information or documents, transcripts, or other materials reflecting Confidential Information; or (iii) seeking further production, discovery, disclosure or use of claimed Confidential Information and/or documents, transcripts, or other materials reflecting Confidential Information.

11. <u>Inadvertent Failure to Designate as Confidential</u>. Inadvertent failure to designate documents or information as "Confidential" at the time of production or disclosure shall not constitute a waiver of any party's right to later designate them "Confidential". Once a belated designation has been made, the relevant documents shall be treated as confidential in accordance with this Order.

///

///

///

///

///

///

///

12. <u>Continuing Jurisdiction of the Court</u>. Notwithstanding the conclusion of this action, this Order will continue to bind the parties and others subject to it, and any violations of this Order can be redressed by all remedies available under applicable law.

Dated: Feb. 3, 2011

*/s/ Alicia G. Rosenberg*
George H. Wu
United States District Court Judge